■ In the Matter of the Claim of WALTER PENKAL, Respondent, v CHESEBROUGH PONDS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 30, 1975. The board found that the claimant filed a claim for compensation within the statutory period of two years and that the claim was not barred by section 28 of the Workmen's Compensation Law. Claimant first sustained an injury to his back in the course of his employment by a prior employer on November 22, 1966. On March 19, 1971, the physician who had been attending the claimant filed a report with the board in which he related that claimant had sustained a new accident on March 10, 1971, injuring his back while lifting a heavy machine and while in the employ of his present employer. As a result of this new accident the doctor reported that claimant was totally disabled for a period of about two weeks. Medical bills were paid, without prejudice, by the carrier for the prior employer at the time of claimant's first accident, contending that it was not responsible for the payment of said bills because the incident of March 10, 1971 was a new accident. Claimant testified that on March 10, 1971 he and four other men were moving a 3,000-pound machine when he felt something snap in his back, and that he reported the incident to his foreman immediately. Claimant's testimony also indicates that he filed a form C-3, claim for compensation, for the accident of March 10, 1971, which was not in the board's file and he was advised to file another C-3 form. Based upon these facts the board found that claimant filed a C-3 form within the statutory period, which was either not properly delivered to the board or misplaced or misfiled by the board; that claimant gave oral notice to his foreman immediately following the incident; and that a medical report of the accident of March 10, 1971 was made and filed on March 19, 1971. We conclude that there is substantial evidence to support the board's determination that the claim for compensation is not time-barred. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.